## No. 10,332.

NEPESTA DITCH & RESERVOIR CO. *v.* ESPINOSA, ET AL.

Decided May 7, 1923.

In a water adjudication proceeding, plaintiff in error was given a decree for storage, but denied one for direct irrigation.

### *Reversed.*

1. WATER RIGHTS—*Storage Reservoirs—Direct Irrigation.* The fact that water diverted for direct irrigation passes through a reservoir on its way to land to which it will be beneficially applied,

does not make it storage water, and a claimant is entitled to a decree for direct irrigation for water so applied.

*Error to the District Court of Huerfano County, Hon. A. C. McChesney, Judge.*

Mr. JOHN H. VOORHEES, Mr. CHARLES S. ESSEX, for plaintiff in error.

MR. CHARLES HAYDEN, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error, The Nepesta Ditch and Reservoir Company, claimant in an adjudication proceeding below, was given a decree for water for storage in its reservoirs but was denied one for direct irrigation. It brings the case here claiming that the undisputed evidence shows its right to a decree for direct irrigation. This claim appears to us to be right.

The defendant in error has not favored us with a brief but the brief of plaintiff in error assures us that the only reason why the court denied the right to water for direct use was that the claimant had drawn such water through a reservoir before its application to the land in consummation of the appropriation. We can find in the record no other reason for the court's decision, and that one we regard as insufficient, so the case must be reversed.

It is a matter of common knowledge, of which we must take notice, that a vast amount of water applied to direct irrigation comes through reservoirs and we can see no objection. The fact that water diverted for direct irrigation passes through reservoirs on its way to the land on which it will be used does not make it storage water.

During the proceedings leading to the decree plaintiff in error conceded "that its preliminary statement was not broad enough to attach to direct irrigation" and that therefore its right for that purpose must date from August 22, 1907, instead of June 15, 1906, as claimed in its

petition. It now claims that this concession was in consideration that its right to direct irrigation be conceded. We do not find such consideration shown in the abstract of record and so leave the matter for the further consideration of the district court.

Judgment reversed and cause remanded for further proceedings not inconsistent herewith.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.